WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Roth, an Arizona resident,<br><br>Plaintiff,<br><br>vs.<br><br>Adtran, Inc., an Alabama corporation,<br><br>Defendant. | No. CV13-1735-PHX DGC<br><br>**ORDER** |

Defendant has filed a motion to transfer venue. Doc. 10. The motion has been fully briefed. Docs.11, 12, 13. No party has requested oral argument. For reasons stated below, the Court will deny the motion.

**I.      Background.**

Between 2004 and 2011, Plaintiff Jason Roth was a technical writer for employer Defendant Adtran, Inc., a Delaware corporation with its principal place of business in Hunstville, Alabama. Doc. 1 at 2; Doc. 11 at 2. Plaintiff lived and worked in Arizona during the relevant time period, and was the only Technical Writer employed by Defendant who lived and worked outside of Huntsville. Doc. 11 at 2. In or around June 2009, Plaintiff asserts he was diagnosed with fibromyalgia, a condition that he contends substantially limits his ability to work. Doc. 1 at 2. Plaintiff alleges he requested accommodations for his condition from Defendant in 2009, but that his requests were ignored. *Id.* at 5.

In the summer of 2010, Plaintiff initiated charges against Defendant with the Equal Employment Opportunity Commission ("EEOC") on the basis of failure to accommodate under the Americans with Disabilities Act ("ADA"). *Id*. Plaintiff subsequently filed a second EEOC complaint on January 3, 2011, and a third on April 8, 2011, after his position with Defendant in Phoenix was eliminated and his employment terminated. *Id*. at 8-9. On October 12, 2012 the EEOC issued a Letter of Determination with respect to all three complaints, and on June 20, 2013, the EEOC issued Plaintiff a Notice of Right to Sue with respect to each of Plaintiff's charges. *Id*. at 9. Plaintiff filed his complaint against Defendant on August 22, 2013. Doc. 1. The complaint asserts claims for discrimination under the ADA, 42 U.S.C. § 12112, and retaliation in violation of the ADA, 42 U.S.C. § 12203. Doc. 1 at 10-12.

**II.   Analysis.**

Defendant asks the Court to transfer this case to the Northern District of Alabama, Northeast Division. 28 U.S.C. § 1404(a) authorizes such a transfer if the action could have been brought in the Northern District of Alabama and "transfer is warranted by the convenience of parties and witnesses and promotes the interests of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964), *superseded by statute on other grounds*. "[T]he purpose of [section 1404(a)] is to prevent the waste of time, energy and money and to protect litigants and the public against unnecessary inconvenience and expense." *Id.* (citation omitted).

The parties do not dispute that this action could have been brought in the Northern District of Alabama. The Court must determine whether Defendant has made "a strong showing of inconvenience to warrant upsetting [Plaintiff's] choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). This determination requires the weighing of several factors: (1) Plaintiffs' choice of forum, (2) the convenience of the parties and witnesses, (3) the ease of access to sources of proof, (4) the presence of a forum selection clause, (5) the state that is most familiar with

the governing law, (6) the location where the relevant agreements were negotiated and executed, (7) the respective parties' contacts with the forum, (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (9) the relevant public policy of the forum state, and (10) the differences in the costs of litigation in the two forums.  *See* 28 U.S.C. § 1404(a); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988); *Decker Coal*, 805 F.2d at 843.

### A. Plaintiff's choice of forum.

Plaintiff elected to file his claim in the District of Arizona.  There is ordinarily "a strong presumption in favor of the plaintiff's choice of forum," such that great weight and substantial deference is generally afforded to a plaintiff's choice.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265 (1981); *see also Sinochem Intern. Co., Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 423 (2007); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Decker Coal,* 805 F.2d at 843.  This factor weighs strongly against transfer.

### B. Convenience of the parties and witnesses.

Convenience of parties and witnesses are critical factors for a court considering a motion to transfer, but a transfer which "merely shifts the inconvenience from one party to another" is not appropriate. *Warfield v. Gardner,* 346 F. Supp. 2d 1033, 1044 (D. Ariz. 2004).

Plaintiff is an Arizona resident.  Doc. 12 at 4.  Defendant is incorporated in Delaware and headquartered in Alabama.  Doc. 11 at 2.  Between the two parties, transfer of venue from Arizona to Alabama would inconvenience Plaintiff, while increasing convenience only for Defendant.  Further, Defendant had an office in Phoenix and continues to do business in Arizona, including hiring new employees for its Arizona office.  Doc. 12 at 8, Ex. 5. Given this connection with Arizona, any inconvenience caused by litigating in this Court would be less than that suffered by Plaintiff if the case were transferred to the Northern District of Alabama.

Defendant's key witnesses all reside in Alabama. Doc. 11 at 5. Plaintiff claims, however, that at least four of his witnesses are in Arizona. Doc. 12 at 4. The inconvenience to witnesses, therefore, appears to be equal in both venues. Given that Plaintiff would be disadvantaged more than Defendant by litigating outside of his forum of choice, and that both sides have witnesses who would be inconvenienced by the other party's choice, this factor weighs against transfer.

### C. Ease of access to sources of proof.

Personnel files, policies, performance evaluations, pay records and other work-related documents are located in Alabama. Doc. 11 at 6. Plaintiff's medical records, related to his condition, are located in Arizona. Doc. 12 at 6. This factor weighs neither for nor against transfer, particularly in light of the fact that "documentary evidence is substantially less costly to produce than witness testimony." *Berry v. Potter*, CIV 04-2922 PHX RCB, 2006 WL 335841 (D. Ariz. Feb. 10, 2006).

### D. Existence of a forum selection clause.

There is no forum selection clause. This factor is neutral.

### E. The state most familiar with the governing law.

Plaintiff asserts claims under the ADA, a federal law. Either state is adequately situated to rule on these claims. This factor is neutral.

### F. Where relevant agreements were negotiated and executed.

Communications between Plaintiff and Defendant were all telephonic or electronic, and could thus be said to have taken place in either Arizona or Alabama. *Hisun Motors Corp., U.S.A. v. Auto. Testing & Dev. Servs., Inc.*, CV11-1918-PHX DGC, 2011 WL 5290149 (D. Ariz. Nov. 1, 2011). All accommodation and personnel decisions, however, occurred in Alabama because that is where Defendant's headquarters and management are located. Doc. 11 at 5. This factor weighs slightly in favor of transfer.

### G. The parties' contacts with the chosen forum.

Plaintiff is an Arizona resident. Defendant is registered to do business in Arizona

- 4 -

and, during the relevant time period, employed an Arizona resident in an Arizona office. Doc. 12 at 7, ex. 3. Additionally, Defendant communicated extensively with Plaintiff in Arizona regarding the subject at issue in the complaint, Doc. 12 at 8, and received communications from the EEOC regarding the same at its Phoenix office, Doc. 12 at 8, ex. 2, 4, 5. This factor weighs against transfer.

### H.   The availability of compulsory process.

Defendant asserts that Arizona is an inconvenient forum for relevant management and other employees who live and work in Alabama. But any inconvenience to witnesses still employed by the company carries little weight, as this court presumes Defendant can compel their attendance at trial. *Berry*, No. CIV 04-2922 PHX RCB, 2006 WL 335841, at *5.

Two non-party witnesses – both former employees of Defendant – are located outside the subpoena power of this Court for trial purposes. *See* Doc. 11 at 4; FRCP 45(b)(2). One is Defendant's former Director of Human Resources and the other is a former Human Resources Manager. Doc. 11 at 4. Defendant alleges that both were involved in communications with Plaintiff regarding his claims and are key to the issues raised by Plaintiff. *Id*. This factor favors transfer, but only slightly. Although live testimony is preferable, the Court's lack of subpoena power may be solved through the use of deposition or video testimony. *Hisun,* CV11-1918-PHX DGC, 2011 WL 5290149.

### I.   Relevant public policy of the forum state.

Arizona has a strong interest in ensuring that its citizens are compensated for their injuries. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1193 (9th Cir. 2002). This factor weighs against transfer.

### J.   Differences in the costs of litigation in the two forums.

Given the recent advances in electronic communication and document production, discovery costs should be about the same in either forum. *See Television Events & Mktg., Inc. v. Amcon Distrib. Co.*, 416 F. Supp. 2d 948, 971 (D. Haw. 2006). At this stage, the

Court cannot conclude that travel and transportation costs will be greater if the case is tried in Alabama or Arizona. This factor is neutral.

**K.     Consideration of all the factors.**

The Court concludes that this case should not be transferred. Plaintiff's choice of forum should not be disturbed unless Defendant has made "a strong showing of inconvenience." *Decker Coal*, 805 F.2d at 843. Defendant has not met this burden.

**IT IS ORDERED** that Defendant's motion for change of venue (Doc. 10) is **denied**.

Dated this 18th day of November, 2013.

_____
David G. Campbell
United States District Judge